IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

DEC 0 6 2016

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| CHRISTINA TEMPEL,<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE CO., MARY KAY INC., and JOHN DOES 1–5<br><br>Defendants. | CV –16–11–M–DLC<br><br>ORDER |

Before the Court is the motion to dismiss of Defendant Mary Kay Inc. ("Mary Kay").[1] For the reasons given below, the Court grants the motion.

## BACKGROUND

"On a motion to dismiss, material allegations of the complaint are taken as admitted, and the complaint is to be liberally construed in favor of the plaintiff." *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976).

On December 12, 2009, Launa Benson, drove into a busy street in Missoula,

---

[1] The Court rules on Mary Kay's first motion to dismiss (Doc. 19), filed on July 18, 2016. Following Plaintiff's filing of her third amended complaint (Doc. 43) on November 17, 2016, Mary Kay filed a second motion to dismiss (Doc. 46). Mary Kay was not required to file new motion to dismiss, as "the defects raised in the original motion remain in the new pleading . . . ." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476, 638 (3d ed. 2005). Thus, the Court denies the later motion to dismiss as moot.

-1-

Montana, failing to notice that she was on a collision course with a vehicle driven by Plaintiff Christina Tempel. Tempel suffered injuries as a result of the accident. Benson's vehicle was owned by Defendant Mary Kay and insured through Defendant ACE American Insurance Co. ("ACE"). Mary Kay's policy with ACE contains either a high deductible or a self-insured retention.[2]

Following the accident, Tempel sought recovery from Benson, including advance payment of her medical claims. Mary Kay and ACE handled her claim. They initially denied her request for advance payment of medical expenses, but "eventually randomly paid some expenses while ignoring other medical expenses." (Doc. 43 at 4.) On August 2, 2012, Tempel sued Benson in the Montana Fourth Judicial District Court, Missoula County. The case proceeded to jury trial, and Tempel received a verdict, recovering $268,435.94. Judgment was entered on October 2, 2013.[3]

## DISCUSSION

---

[2] Tempel uses the term deductible in the Complaint, but other allegations suggest that Mary Kay may in fact have a self-insured retention. For example, she pleads, "Defendant Mary Kay uses the high-cap deductible policy as a form of self-insurance to allow it to adjust certain claims made against it at its discretion." (Doc. 43 at 5.) The distinction may be meaningful, as it implicates the obligations of the insurer and the insured under the policy. *See* 3–16 *New Appleman on Insurance Law Library Edition* § 16.09(3)(b)(i) (2016).

[3] Although not found within the Complaint, the Court takes judicial notice of the state court proceeding, the authenticity of which is undisputed. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court directly addresses judicial notice below.

Mary Kay raises three theories in support of her argument for dismissal: (1) that Tempel failed to allege that Mary Kay was an insurer such that she may bring a bad faith claim against Mary Kay; (2) that Tempel's claims are barred by the relevant statutes of limitations; and (3) that Tempel's common-law bad faith claim is barred by res judicata. The Court disagrees with Mary Kay regarding the first theory. However, the second theory is determinative because Tempel's claims were not timely filed. Finding that dismissal is warranted because Tempel's claims are time-barred, the Court does not address the issue of res judicata.

## A. Judicial Notice

As a threshold issue, the Court must determine whether to consider documents filed by Mary Kay. The Court's role in ruling on a 12(b)(6) motion is generally limited by the allegations within the Complaint. Where an affirmative defense arises from the complaint, though, it is appropriate for the Court to determine whether the defense operates to bar the claim. "[A] statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.* 733 F.3d 1241, 1254 (9th Cir. 2013) (citation and internal quotation marks omitted).

Mary Kay asks the Court to consider various documents from the state court

proceeding. Because it is ruling on Mary Kay's 12(b)(6) motion, the Court is largely confined to the four corners of the Complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and internal quotation marks omitted).

Here, Tempel's claims arise from Mary Kay's actions leading up to and throughout the state court litigation. The Complaint itself does not include all of the information relevant to Mary Kay's statute of limitations and res judicata defenses. For example, although the Complaint mentions trial, it does not include trial dates. Nor does the Complaint describe the substance of Tempel's state court claims. Documents from the state court proceeding are therefore relevant. The state court proceedings are "matters of public record," and their authenticity is undisputed. Thus, it is appropriate for the Court to take judicial notice of these documents.

### B. Mary Kay as Insurer

Mary Kay argues that Tempel has no statutory or common-law bad faith claim against it because she has failed to allege that Mary Kay was an insurer.

-4-

Following Mary Kay's motion to dismiss and with permission of the Court, Tempel filed her Third Amended Complaint. The Complaint has now corrected the alleged deficiency in the earlier versions of the pleading by expressly alleging that Mary Kay was Benson's insurer.

Further, Tempel has claimed that Mary Kay is at least partially self-insured, adjusting some claims on its own behalf.[4] Self-insured entities are subject to statutory bad faith claims under Montana's Unfair Trade Practices Act ("UTPA"). Mont. Code Ann. § 33-18-242(8). Mary Kay has not argued that self-insurance does not similarly create a common-law cause of action. Thus, the Court determines that Mary Kay is not entitled to dismissal on this theory.

## C.  Statutes of Limitation

Mary Kay also argues that it is entitled to dismissal because Tempel's claims are barred by the relevant statutes of limitations. Tempel has alleged both statutory and common-law bad faith. Her statutory claims, brought under the UTPA, are governed by a one-year statute of limitations. Mont. Code Ann. § 33-18-242(7)(b). A three-year statute of limitations applies to Tempel's

---

[4] The parties dispute whether it is appropriate for the Court to take judicial notice of unauthenticated documents regarding the claims handling process. The Court determines that the allegations in the Complaint itself are sufficient for a finding that Mary Kay was an insurer, and it does not reach this controversy.

common-law bad faith claim. Mont. Code Ann. § 27–2–204; *see Brewington v. Emp'rs Fire Ins. Co.*, 992 P.2d 237, 240 (Mont. 1999). Tempel concedes that she did not name Mary Kay as a defendant prior to expiration of the relevant statutes of limitations, but she argues that the later addition of Mary Kay relates back to the filing of the first complaint, which was timely filed.

The Court looks to Montana law to determine whether the claims against Mary Kay relate back. Here, Montana law sets forth the limitations period, and so Rule 15(c)(1) requires the Court "to consider both federal and state law and employ whichever affords the more permissive relation back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014) (citation and internal quotation marks omitted). Tempel does not argue that the addition of Mary Kay relates back under federal law, and the parties agree that Montana's standard is the more lenient of the two options. Thus, the relevant issue is whether Montana's fictitious name statute operates to allow relation back.

Montana's fictitious name statute, Montana Code Annotated § 25–5–103, provides: "When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleadings or proceedings may be amended accordingly." When the statute properly applies, the plaintiff has three years to

"substitute a real defendant for the fictitious defendant" following the filing of the original complaint. Mont. R. Civ. P. 4(t)(2). "The substitution of a fictitiously named defendant relates back to the original filing of the complaint." *Molina v. Panco Const., Inc.*, 95 P.3d 687, 690 (Mont. 2004).

The statute does not apply when the plaintiff is aware of the defendant's identity but unaware that she may have a claim against the defendant. Looking to the plain meaning of the statute, a plaintiff's amendment relates back only when she was "ignorant of the *name* of the defendant." Mont. Code Ann. § 25–5–103 (emphasis added). Further, although the statute is "liberally construed, . . . [i]n order to use the fictitious name statute, plaintiff's ignorance of the defendant's true name must be genuine and not feigned." *Molina*, 95 P.3d at 690 (citations omitted).

Tempel does not claim to have been ignorant of Mary Kay's identity but rather unaware of Mary Kay's involvement in the claims handling process. In her response brief, Tempel argues that she "did not know of Defendant Mary Kay's involvement in the adjusting of the underlying litigation or the administration of the claim as it did not provide any indication that it was acting as an insurer or in the business of insurance during that litigation." (Doc. 27 at 13). In other words, this is not a case of mistaken or unknown identity. Indeed, it is clear that Tempel

knew of Mary Kay's identity on September 29, 2014, as her original complaint included the allegation that Mary Kay owned the vehicle driven by Benson. (Doc. 4–1 at 2). Further, on September 16, 2013, in the state court proceeding, Tempel stipulated that at trial there would "be no reference to the evidence and information regarding Benson's liability insurance and insurers, specifically Geico Corporation, Mary Kay, Inc., ACE American Insurance Company, and ESIS, Inc." (Doc. 20–4 at 9).

Although the Court notes Montana's liberal construction of the fictitious names statute, it cannot agree that relation back is appropriate. Tempel has not argued that she was ignorant of Mary Kay's identity, and the Complaint demonstrates that she was aware of Mary Kay's name. A finding in Tempel's favor would allow an exception to swallow the general rule that plaintiffs must file their claims within the applicable statutes of limitations. Tempel may well have been unaware of her claims against Mary Kay prior to the addition of Mary Kay as a defendant, but "[m]ere ignorance of the facts will not toll the statutes of limitations." *Pederson v. Rocky Mountain Bank*, 272 P.3d 663 (Mont. 2012).

Tempel's statutory claims against Mary Kay are time-barred. A plaintiff bringing a claim for bad faith under the UTPA must file "within 1 year from the date of settlement or the entry of judgment on the underlying claim." Mont. Code.

Ann. § 33–18–242(7)(b). The state court entered judgment in the underlying claim on October 2, 2013, and Tempel had until October 2, 2014 to name Mary Kay as a defendant. She did not do so until April 25, 2016, and Tempel may not pursue a claim against Mary Kay under the UTPA.

Nor may Tempel litigate a common-law bad faith claim against Mary Kay. A plaintiff must file within three years from the date of accrual of a negligence action. Mont. Code Ann. § 27–2–204(1). Tempel's common-law claim is grounded in Mary Kay's failure to advance payments for medical expenses. The parties do not dispute that the three-year statute of limitations began to run on September 12, 2012, when Benson filed her answer in the underlying proceeding, refusing to advance-pay Tempel's medical expenses. Thus, the statute of limitations ran on September 12, 2015, and Tempel's addition of Mary Kay as a defendant on April 25, 2016 was untimely. Mary Kay is entitled to dismissal from this action.

Accordingly, IT IS ORDERED that:

(1) Defendant Mary Kay Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 19) is GRANTED.

(2) Defendant Mary Kay Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 44) is DENIED as moot.

(3) Plaintiff Tempel's claims against Defendant Mary Kay Inc. are

DISMISSED with prejudice.

Dated this 6th day of December, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court